IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANSY FLORES RODRIGUEZ,

Petitioner,

v.

Secretary MARKWAYNE MULLIN, US Dept. Homeland Security, 2801 Nebraska Avenue NW Washington, DC 20528, ET AL.,

Respondents.

3:26cv2220
ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Doc. 2)**

Pending is Petitioner Diansy Flores Rodriguez's Motion for Temporary Restraining Order and Preliminary Injunction ("TRO/PI Motion"). (Doc. 2).

This TRO/PI Motion requests that the Court:

> [O]rder that (a) Respondents not transfer him outside the Western District of Pennsylvania while this action is pending; (b) the Court conduct a bond hearing or, in the alternative, Respondents provide Petitioner within seven days a bond hearing before an immigration judge at which the Government bears the burden of proving by clear and convincing evidence that his continued detention is necessary to prevent flight or danger to the community; and (c) Petitioner be released if no such hearing is held within seven days.

(*Id*. at 2).

Petitioner has also filed a Brief in Support of his TRO/PI Motion. (Doc. 5).

As recently explained by the district court in *Fuller-Woodson v. Weaver et al*., Civ. No. 1:26-89, 2026 WL 2274545 (W.D. Pa. Aug. 7, 2026) (Baxter, J.):

> Temporary restraining orders and preliminary injunctions are governed under the same standard. *See Brown v. Wolf*, No. 2:16-cv-1081, 2026 WL 691386, *1 (W.D. Pa. Jan. 21, 20216), report and recommendation adopted, 2026 WL 688634 (W.D. Pa. Mar. 11, 20216). A preliminary injunction is appropriate only where: (1) the movant demonstrates a reasonable probability of success on the merits; and (2) the

> movant demonstrates irreparable harm if the injunction is denied; (3) the issuance of an injunction will not result in greater harm to the non-moving party; and (4) the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). As the moving party, Plaintiff bears the burden of producing evidence to support the first two factors. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Absent support for either of the first two factors, a court must deny the request for a preliminary injunction. *See id.; Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

*Fuller-Woodson*, 2026 WL 2274545, at *2.

For the following reasons, Petitioner's TRO/PI Motion (Doc. 2) is DENIED.

First, this Court lacks jurisdiction to issue an order that enjoins Respondents from transferring Petitioner outside of the jurisdiction of the Western District of Pennsylvania while this action is pending. Congress has vested the Secretary of Homeland Security and his/her delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g., Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.,* 452 F. App'x 196,

198 (3d Cir. 2011) (jurisdiction-stripping provision in § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Second, with respect to Petitioner's request that: (1) "the Court conduct a bond hearing or, in the alternative, Respondents provide Petitioner within seven days a bond hearing before an immigration judge at which the Government bears the burden of proving by clear and convincing evidence that his continued detention is necessary to prevent flight or danger to the community; and (2) "Petitioner be released if no such hearing is held within seven days," Petitioner's request seeks the same substantive relief sought by his habeas petition, (*see* Doc. 1 at 26-27), and requests affirmative relief, rather than the maintenance of the status quo. Neither a preliminary injunction nor a temporary restraining order is an appropriate avenue for this type of relief.

Having so found, the Court understands Petitioner's habeas petition to ultimately be seeking a prompt review of Petitioner's claims that "his detention has become unreasonably prolonged and that the bond hearing he received on June 3, 2026 did not satisfy the Due Process Clause of the Fifth Amendment." (Doc. 2 at 2). Consistent therewith, a Case Management Order will issue FORTHWITH.

SO ORDERED this 20th day of November, 2026,
s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF Counsel of Record